UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV87-3-V
(5:08CR21)

| | |
|---|---|
| ABDALLAH H. FAKIH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Combined Motions to Amend or Alter Judgment and to Supplement the Timely Filed § 2255 Motion After Summarily Dismissed But Before the AEDPA Limitation Expired Or Otherwise Prevent This Supplement" filed September 12, 2011. (Doc. No. 4). Forth the reasons stated herein, the Petitioner's motion will be denied.

**I. Procedural History**

On April 25, 2008, Petitioner was named in two counts of a four-count Bill of Indictment with bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2, and armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2. (Criminal Case 5:08cr21, Doc. No. 1: Indictment). On January 14, 2009, following a jury trial, the jury found Petitioner guilty of both counts. (Id., Doc. No. 61: Jury Verdict). On August 4, 2009, the Court sentenced Petitioner to a 235-month term of imprisonment on each of count, to be served concurrently, followed by three years of supervised release. (Id., Doc. No. 95: Judgment). On August 18, 2009 Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals

1

challenging both his convictions and sentence. (Id., Doc.. No. 98: Notice of Appeal). On appeal, Petitioner raised two challenges to his convictions: (1) this Court should have granted his motion for a mistrial after the prosecutor drew the jury's attention to his pre-trial detention; and (2) this Court plainly erred in permitting the prosecutor to mention the box of gloves found in his car without admitting the box into evidence. Petitioner also challenged his sentence arguing that this Court procedurally erred in sentencing him by crediting the finding in the Presentence report ("PSR") that Petitioner "armed" the robbers and by enhancing his sentence by two points for the carjacking of Mr. Woods. On April 19, 2011, in an unpublished decision, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentence specifically rejecting each of Petitioner's claims. United States v. Fakih, 2011 WL 149977 (4th Cir., April 19, 2011).

On June 22, 2011,[1] Petitioner filed a Motion to Vacate alleging that: (1) the jury was unfairly prejudiced and biased against him and his counsel was ineffective at trial and sentencing. Petitioner also argued that his "sentence is both cruel and unusual as the sentence imposed is excessive, inconsistent and is based upon information and evidence which not properly entered into the record at trial and as a result did prove to be prejudicial and unfair towards defendant." (Doc. No. 1 at 5). By Order dated August 8, 2011, this Court considered and denied Petitioner's Motion to Vacate concluding that Petitioner's ineffective assistance of counsel claim was conclusory and his remaining claims were procedurally defaulted as they were not raised on direct appeal. The Court also concluded that to the extent any portion of these claims were raised on direct appeal, such claims

---

[1] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk on June 27, 2011, such document was signed and mailed on June 22, 2011. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion to Vacate as having been filed on June 22, 2011.

2

would be procedurally barred.(Doc. No. 2).

On September 12, 2011, Petitioner filed the instant motion arguing that he should be permitted to amend his Motion to Vacate because the Court summarily denied his motion without giving him an opportunity to amend. (Doc. No. 4 at 2-3). Alternatively, Petitioner seeks reconsideration of his motion.

**ANALYSIS**

To the extent that Petitioner seeks to amend his Motion to Vacate, such motion will be denied in that the Court has already considered and denied Petitioner's claims and Petitioner's case has been closed. (Doc. Nos. 2 and 3). Petitioner cannot amend a motion in a closed case. [2]

With respect to Petitioner's motion for reconsideration, Rule 59(e) provides that an aggrieved party may file a motion to alter or amend a judgment within 28 days of its entry. Fed. R. Civ. Pro. 59(e). Petitioner's motion is timely under the Rules.

A motion for reconsideration under Rule 59(e) is committed to the sound discretion of the Court. Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co.,148 F.3d 396, 402 (4th Cir. 1998). Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds for amending an earlier judgment: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Id., at 403.

---

[2] As support for his motion to amend, Petitioner argues that this Court summarily denied his Motion to Vacate without allowing him to amend his motion. However, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id.

In effect, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." Pacific Ins. at 403. However, "[t]he Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed.). Further, as a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id., § 2810.1 at 124.

Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law. Instead, Petitioner disagrees with the legal conclusions made by this Court and is now attempting to have this Court relitigate the issues raised in his Motion to Vacate and decided adversely to him by this Court in this Court's August 8, 2011 Order denying his Motion to Vacate filed pursuant to 28 U.S.C. § 2255.[3] This is generally not permitted and is

---

[3] Petitioner argues that "if the issues were defaulted, then cause exists for the default caused by the Appeal counsel deficient performance, and the claim was not fully resolved as presented to the appeal court. Consequently, the case of the law doctrine is not applicable." (Doc. No. 4 at 4). However, Petitioner did not raise his counsel's ineffectiveness as cause for his default in his Motion to Vacate. Indeed, on the form motion, in response to the question whether Petitioner raised this issue on appeal, Petitioner left the question blank. In any event, when using ineffective assistance of counsel to excuse procedural default of another independent claim, counsel must have been so wholly deficient as to violate Petitioner's Sixth Amendment right. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986), abrogated on other grounds by Sawyer v. Whitley, 505 U.S. 333 (1992)). Thus, Petitioner must show that by failing to challenge these issues, counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has explained that while ineffective assistance of counsel may establish cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Petitioner's blanket conclusory assertion as to his procedurally defaulted claims that such claims were not raised on appeal because of "appeal counsel deficient performance" falls short of establishing "cause" for his procedural default.

considered to be a successive petition. A successive petition is available only in limited circumstances and while Petitioner cites to Rule 59 in his Motion, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Further, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available [pursuant to a proper motion for reconsideration] but instead continuing his collateral attack of his conviction or sentence.[4] However, an example of a proper motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. Id. (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and conviction and therefore, this Court will construe his Motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the

---

[4] The Court notes Petitioner also seeks to include a brand new claim not previously presented in his Motion to Vacate. (Doc. No. 4 at 6-8).

appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 4) is dismissed because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals.

**SO ORDERED**.

Signed: September 21, 2011

Richard L. Voorhees
United States District Judge