IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-00087-RLV
(5:08-CR-00021-RLV-DCK-4)

| ABDALLAH HUSSEIN FAKIH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motions to reconsider the Court's order denying his motion to vacate, set aside or correct sentence which Petitioner filed under 28 U.S.C. § 2255. For the reasons that follow, the Court finds that the motions are successive under 28 U.S.C. § 2255(h) and they will be dismissed as unauthorized motions.

## I. BACKGROUND

On August 4, 2009, Petitioner was sentenced to concurrent terms of 235-months' imprisonment following his conviction on one count of bank robbery by force or violence, and aiding and abetting the same, in violation of 18 U.S.C. § 2113(a) & 2, and one count of bank robbery, assault with a deadly weapon, and aiding and abetting the same, in violation of 18 U.S.C. § 2113(d) & 2. Petitioner appealed and his judgment was confirmed in all respects. United States v. Fakih, 424 F. App'x 202 (4th Cir. 2011).

On June 27, 2011, Petitioner filed a § 2255 motion to vacate which was denied and dismissed by the Court on August 8, 2011. Petitioner appealed and the Fourth Circuit dismissed

his appeal on April 24, 2012. United States v. Fakih, 471 F. App'x 167 (4th Cir. 2012). On June 25, 2012, and July 18, 2012, Petitioner filed motions to reconsider this Court's order denying collateral relief from his criminal judgment. (Doc. Nos. 11 & 12).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The relief Petitioner is seeking through the present motions is effectively an order affecting his criminal judgment. This is the precise relief Petitioner attempted to secure through his initial § 2255 motion. Petitioner's effort to secure this relief through the present motions must fail. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner raised a claim of ineffective assistance of counsel in his initial § 2255 motion. Petitioner contends that his motions to reconsider should be granted based on Supreme Court cases decided after this Court denied his § 2255 motion. Petitioner cites the cases of Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), which were both filed on March 21, 2012. Petitioner contends that his counsel was ineffective in failing to properly communicate a plea offer from the Government.

The two-part test for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687-88 (1984) applies to ineffective assistance claims arising out of the plea bargaining process. Lafler, 132 S. Ct. at 1384; Frye, 132 S. Ct. at 1386-87. However, Petitioner's argument regarding a motion to reconsider depends on a finding that in the Lafler and Frye decisions, the Supreme Court announced a newly recognized constitutional right, and second that the newly recognized right has been made retroactively applicable to cases on collateral review. In sum, these cases must have established that Petitioner could not have made his present argument during initial collateral review.

Several courts have considered this question and found that the Lafler and Frye opinions did not announce a new right rather the Supreme Court simply discussed well-known principles regarding an attorney's constitutional responsibility during plea negotiations. The many courts that have considered the issue of retroactivity have held that these decisions are not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of

3

constitutional law. See, e.g., In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 880 (7th Cir. 2012).

There is no evidence that Petitioner has obtained the necessary authorization to file the instant motions in a renewed effort to obtain collateral relief. The Court is therefore without jurisdiction to consider the merits, if any, of the instant motions. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motions for reconsideration are **DENIED**. (Doc. Nos. 11 & 12).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 24, 2014

Richard L. Voorhees
United States District Judge